# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:05CR239

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **EDWARD PORTA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned, Dennis L. Howell, United States Magistrate Judge for the Western District of North Carolina, pursuant to orders entered in this cause by the undersigned on February 22, 2006 and March 8, 2006, in which the undersigned modified terms and conditions of pretrial release of the defendant. It appeared to the court at the call of this matter on for hearing that the defendant was present with his counsel, Andrew Banzhoff, and that the government was present through Assistant United States Attorneys Jill Westmoreland Rose and Richard Edwards and from the evidence offered and from the statements of the United States Attorneys and the attorney for the defendant and the records in this cause, the court makes the following findings:

**Findings**. The court hereby incorporates by reference it findings as set forth in the order filed March 22, 2006 and March 8, 2006. Evidence was presented through the defendant that he has, since March 3, 2006, continued to be involved in his work through self-employment. Despite several assurances from the defendant at previous hearings that he was due in a few days to receive a sum of money from his self employment that would be sufficient in amount to allow the defendant to return to his home, he advises that he has still not received the funds and now does not expect the

funds to arrive for several weeks. The defendant testified that he is presently residing at the Thunderbird Motel located between 2 to 3 miles from the United States Courthouse in Asheville, North Carolina. The defendant has been seeking to obtain a dwelling place where he could reside and be placed on electronic monitoring. The defendant had contacted the Affordable Suites of America in Shelby, North Carolina where he had been told that there would be an acceptable place for electronic monitoring to occur. However, evidence was also presented by the government through United States Probation Officer Eric Simpson that he had contacted Affordable Suites of America in Shelby, North Carolina and had been advised that in April 2006 that this place of business would not be an acceptable place for electronic monitoring. The defendant has, since February 15, 2006, been presenting himself in person at the United States Probation Office in Asheville, North Carolina, Monday through Friday at 8:00 o'clock a.m. and 5:00 o'clock p.m. on each and every day and that he has complied fully with the requirements as set forth in, not only the order filed on February 22nd but also the order filed on March 8, 2006. The defendant has also attempted to obtain a residence in Weaverville, North Carolina and also in the southern portion of Buncombe County. The rental price of these dwellings or apartments are such that the defendant does not have sufficient income to rent these dwelling and to also earn sufficient funds whereby he could pay the payments that are owed on his dwelling house located in Fairview, North Carolina and to pay his electric and telephone service past due payments that are due and payable in the sum of approximately $3,000.00 which would allow him to return to his home. The payments on the defendant's dwelling house total $4,000.00 per month. The defendant has not sought housing through any public housing agency or in any mobile home park where a residence could be obtained at a cheaper price. The defendant did not provide a reason as to why he has not done so. Upon questioning by the undersigned, the undersigned was advised that the sentencing of the defendant

will happen in four to six months. The defendant is subject to a two to four year period of imprisonment which will be determined at sentencing. The defendant has no previous criminal record but does have contacts in Mexico and has traveled many time to Mexico and other countries in South America but has not done so since the charges pending against have been filed.

**Discussion**. 18 U.S.C. § 3142(c)(3) provides as follows: The judicial officer may at any time amend the order to impose additional or different conditions.

Based upon the evidence, the undersigned has determined to enter an order amending the terms and conditions of pretrial release as are set forth in the original order dated June 14, 2005. The defendant will, at the present time, be released from condition (q) which requires the defendant to participate in home detention with electronic monitoring. In place and stead of condition (q) the undersigned will temporarily release the defendant from condition (7)(q) and in place and stead institute the following modifications.

That the defendant participate in the following home confinement program component and abide by all requirements of the program. Electronic monitoring will not be required. The defendant will be required to be in home incarceration at his residence at the Thunderbird Motel. The defendant shall be restricted to his residence at all times except for the following:

1) Work during the period from 7:00 a.m. until 7:00 p.m. Monday through Friday. Monday through Friday at 8:00 a.m. and immediately before 5:00 p.m. the defendant is to present himself at the United States Probation Office in Asheville, North Carolina to a United States Probation Officer and is to show and signify his presence at the probation office at those times. From 7:00 p.m. until 7:00 a.m. Monday through Friday the defendant shall be at his dwelling at the Thunderbird Motel. On Saturdays and Sundays the defendant shall be at his residence at the Thunderbird Motel except for the period between 9:30 o'clock a.m. to 1:00 o'clock p.m. on Saturdays and Sundays. During

the periods from 9:30 o'clock a.m. to 1:00 o'clock p.m. on Saturdays and Sundays the defendant shall be allowed to leave his home for personal business, religious services, medical treatment and other activities that are pre-approved by the Office of Probation and Pretrial Services. The defendant shall travel only in the counties of Transylvania, Buncombe, Henderson, McDowell, Polk and Haywood, except for two days per month the defendant shall be allowed to travel to the Collins and Aikman Manufacturing Plant in Old Fort, North Carolina for the purpose of his employment. The defendant will be allowed to travel one day per month to Spartanburg, South Carolina for the purpose of his employment. The defendant is urged to obtain a residence which will allow electronic monitoring immediately and is further urged to consider contacting public housing agencies and residence in a mobile home park to obtain such as residence arrangement.

IT IS THEREFORE **ORDERED** that the defendant's conditions of pretrial release are hereby modified as follows:

1)        It is temporarily **ORDERED** that the defendant is released from condition (7)(q) of the terms and conditions of pretrial release and in place and stead the following conditions are entered:

That the defendant participate in the following home confinement program component and abide by all requirements of the program. Electronic monitoring is not going to be required. The defendant will be required to be in home incarceration at his residence at the Thunderbird Motel. The defendant shall be restricted to his residence at all times except for the following:

Work during the period from 7:00 a.m. until 7:00 p.m. Monday through Friday. Monday through Friday at 8:00 a.m. and immediately before 5:00 p.m. the defendant is to present himself at the United States Probation Office in Asheville, North Carolina to a United States Probation Officer and is to show and signify his presence at the probation office at those times. From 7:00 p.m. until

4

7:00 a.m. Monday through Friday the defendant shall be at his dwelling at the Thunderbird Motel. On Saturdays and Sundays the defendant shall be at his residence at the Thunderbird Motel except for the period between 9:30 o'clock a.m. to 1:00 o'clock p.m. on Saturdays and Sundays. During the periods from 9:30 o'clock a.m. to 1:00 o'clock p.m. on Saturdays and Sundays the defendant shall be allowed to leave his home for personal business, religious services, medical treatment and other activities that are pre-approved by the Office of Probation and Pretrial Services. The defendant shall travel only in the counties of Transylvania, Buncombe, Henderson, McDowell, Polk and Haywood, except for two days per month the defendant shall be allowed to travel to the Collins and Aikman Manufacturing Plant in Old Fort, North Carolina for the purpose of his employment. The defendant will be allowed to travel one day per month to Spartanburg, South Carolina for the purpose of his employment.

All other conditions of pretrial release as are set forth in the order of pretrial release filed on June 14, 2005, not modified as set forth above, shall remain in full force and effect.

This matter shall be set for hearing on April 10, 2006 to determine if the defendant has obtained a residence suitable for electronic monitoring.

Signed: March 29, 2006

Dennis L. Howell
United States Magistrate Judge